# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

---

Robert Pelham,

      Plaintiff,

vs.

Standard Insurance Company,

      Defendant.

Case No.  4:26-cv-3187

**COMPLAINT**

---

Plaintiff, for their Complaint against Defendant, states and alleges:

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.  Plaintiff is a citizen of the State of Maryland.

3.  Defendant is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon.

4.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Standard Insurance Company may be found in this district. In particular, Standard Insurance Company is registered as a corporation with the

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

State of Texas, conducts ongoing business with Texas residents, employs Texas residents, has extensive contacts within Texas, and accordingly is found within Texas.

5.   On information and belief, Defendant Standard Insurance Company insures the employee benefit plan ("Plan") Dallas Independent School District created and maintains to provide its employees with income protection should they become disabled.

6.   Plaintiff originated his long-term disability claim in Texas, and the employer that sponsored Plaintiff's long-term disability policy is also located in Texas.

7.   Plaintiff is a resident and citizen of the United States, an employee of Dallas Independent School District, and a participant in the Plan.

8.   On information and belief, Plaintiff was covered at all relevant times under group disability policy number 641747-C which was issued by Standard Insurance Company to Dallas Independent School District to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

9.   On information and belief, Standard Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Standard Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits

2

was proper.[2]

10.     Standard Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Plaintiff became disabled under the terms of the Plan's policy on or about April 29, 2022 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13.     Plaintiff submitted a timely claim to Standard Insurance Company for disability benefits.

14.     Standard Insurance Company denied Plaintiff's claim for disability benefits. Plaintiff appealed Standard Insurance Company's decision, but Standard Insurance Company denied Plaintiff's appeal on March 12, 2024.

15.     Plaintiff provided Standard Insurance Company with substantial medical evidence demonstrating their eligibility for disability benefits.

16.     Standard Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008).

by the following non-exhaustive examples:

    a.  Standard Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b.  Standard Insurance Company relied on the opinion of a medical professional who was financially biased by their relationship with Standard Insurance Company and as such unable to offer an unbiased opinion;

    c.  Standard Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d.  Standard Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physician;

    e.  Standard Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

      f.  Standard Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physician.

17.      The decision to deny benefits was wrong under the terms of the Plan.

18.      The decision to deny benefits was not supported by substantial evidence in the record.

19.      Standard Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

20.      Standard Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from May 29, 2022 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

21.      Standard Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

22.      A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare they fulfills the Plan's definition of "disabled," and is

accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums they paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Standard Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: April 17, 2026

RESPECTFULLY SUBMITTED,

FIELDS LAW FIRM

*/s/ Joe Scanlon*
Joe Scanlon
MN Bar #0504649
9999 Wayzata Blvd.
Minnetonka, MN 55305
612-383-1129
612-370-4256 (Fax)

**Lead Counsel for Plaintiff**

By: */s/ Jonathan A. Heeps*

Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
PO Box 174372
Arlington, TX 76003
Telephone: (682)-738-6415
Fax (844)-738-6416
jaheeps@heepslaw.com

**Local Counsel for Plaintiff**